UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

D-2 MARSHALL ALDERSON,

       Defendant.
_____/

Case No. 18-20512
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 227)**

Before the Court is Defendant Marshall Alderson's motion to reduce his sentence under 18 U.S.C. § 3582 (c)(1)(A)(i) (Dkt. 227). For the reasons that follow, the Court denies Alderson's motion.[1]

### I. BACKGROUND

Alderson pleaded guilty to possession with intent to distribute at least 100 grams of heroin, at least 500 grams of cocaine, and at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). See Plea Ag. (Dkt. 102). He was sentenced to a term of imprisonment of 96 months. See Judgment (Dkt. 188).

The presentence report (PSR) considered by the Court when sentencing Alderson reflected that he had two young daughters who lived with their mother, and that Alderson desired to support his daughters while their mother underwent treatment for cancer. See PSR at 14, 17. Following

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to the motion, the briefing includes the Government's response (Dkt. 232) and Alderson's reply (Dkt. 233).

sentencing, the Court entered a stipulated order delaying Alderson's self-surrender to the Bureau of Prisons (BOP) for approximately 60 days while Alderson secured childcare and care of his partner's end-of-life needs, as the mother of Alderson's daughters was not expected to survive. See 9/9/21 Stip. & Order (Dkt. 191). She passed the next month. See Resp. at 2.

Alderson later reported to BOP to commence his sentence. See id. His daughters—now approximately 13 and 15 years old—reside with their godmother, Takika White. See id.; White Letter (Dkt. 227-3).

## II. ANALYSIS

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003–1004 (6th Cir. 2020). Before granting a compassionate-release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction," (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court may reduce the term of imprisonment, but need not do so. 18 U.S.C. § 3582(c)(1)(A).

The Court first considers Alderson's two purported "extraordinary and compelling" reasons for a sentence reduction: (i) his desire to care for his daughters, and (ii) his health. The Court then considers the § 3553(a) factors.[2]

---

[2] The Government concedes that Alderson has satisfied the requirement that he exhaust administrative remedies. See Resp. at 2–3.

### A. Desire to Care for Daughters

Alderson first points to his "need to be present to care for his two young daughters after the death of their mother." Br. in Supp. 6. Alderson correctly notes that the commentary to the non-binding Federal Sentencing Guidelines identifies as an extraordinary and compelling reason for a sentence reduction: "The death or incapacitation of the caregiver of the defendant's minor child or minor children." Id. (quoting U.S.S.G. 1B1.13 cmt. n.1(C)(i)). White, the current guardian for Alderson's daughters, states that she is "trying to protect them the best way [she] can emotionally, but it is very hard to explain to two young girls that lost their mother to kidney cancer, that they may not possibly see their father again until they're adults." White Letter (Dkt. 227-3) (capitalization modified). White and Alderson submit that Alderson's daughters' emotional development would benefit from their father's return home. See id.; Br. in Supp. Mot. at 7–8.

However, White does not represent—nor does Alderson argue—that White is unable or unwilling to continue caring for Alderson's daughters. See White Letter; Mot. As the Government correctly submits, see Resp. at 4, "district courts have routinely denied motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." United States v. Cole, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021) (denying motion for sentence reduction).[3]

---

[3] The two cases from this district cited by Alderson are consistent with this principle. See Br. in Supp. Mot. at 10–11 (citing United States v. Pearson, No. 16-cr-20601, 2022 WL 8090111, at *1–*3 (E.D. Mich. Oct. 14, 2022) (finding that movant had met "extraordinary and compelling" bar by seeking to challenge termination of parental rights where mother of youngest child was incapacitated due to drug use, resulting in child's placement in foster care); United States v. Watson, No. 19-cr-20245, 2021 WL 2644120, at *5–*6 (E.D. Mich. June 28, 2021) (finding that defendant's need to assist fiancé struggling to care for unique medical needs of son—who was wheelchair bound and who required 24-hour care—qualified as an extraordinary and compelling reason to reduce sentence)).

Alderson insists that courts in other circuits have granted motions to reduce sentences without strictly requiring that other caregivers be unavailable. See Br. in Supp. Mot. at 9; Reply at 2–3. Such unique circumstances may arise in certain individual contexts, but no such unique circumstances are presented here. The Court has no reason to doubt that White can provide sufficient care for Alderson's children while Alderson is incarcerated. Alderson and White are likely correct that his daughters would benefit from their father's presence in his life. However, the "hardship" inflicted on the family of a defendant serving a sentence "is unfortunate, but not unusual," and is not sufficient ground to cut short his sentence here. Cole, 2021 WL 194194, at *3 ("A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support. Often, a defendant's family's needs can be met through other family members, neighbors, faith groups, community organizations and government agencies.").

B. Health Problems

Alderson submits that his case for a sentence reduction is "bolster[ed]" by his health issues, as he "is 50 years old and suffers hypertension, obesity, prediabetes, and high cholesterol." Br. in Supp. Mot. at 11–12.[4] He cites caselaw for the principle that a prison's "failure to provide necessary treatment or undue delays in treating serious medical conditions [may] present extraordinary and compelling reasons for compassionate release." Id. at 13 (quoting United States v. English, No. 19-cr-20164, 2022 WL 17853361, at *6 (E.D. Mich. Dec. 22, 2022) (punctuation modified) (finding extraordinary and compelling reason to grant compassionate release where "the

---

[4] Alderson also references a "nodule in his neck that the BOP has not followed up on." Br. in Supp. Mot. at 14. The Government submits that "Alderson's records show the nodule on his neck that he references in his motion was diagnosed last year as a benign lipomatous neoplasm, in other words, just a fatty tissue." Resp. at 6. Alderson does not dispute this characterization in his reply. See Reply.

4

record strongly support[ed defendant's] contentions that BOP ha[d] grossly mismanaged his serious health issues," including by "continually fail[ing] to act with necessary expediency to ensure [defendant] receive[d] urgent and consistent medical care" in relation to tumors). Noting that he "would have options for exercise and diet that he does not in BOP" if he were released, Alderson argues that he "will undoubtably receive better care for his serious ongoing medical problems in the community than he will in prison." Id. at 14–15.

Alderson's purported medical needs are nothing like the "serious health issues" that were "grossly mismanaged" in English. 2022 WL 17853361, at *6. He has not demonstrated that BOP "fail[ed] to provide necessary treatment or undue delays in treating serious medical conditions." Id. (punctuation modified). The submission that Alderson would be free to live a healthier lifestyle if he were not incarcerated is likely true of all or nearly all incarcerated individuals. This is not an extraordinary and compelling reason to reduce his sentence.

Because Alderson has not satisfied the first element necessary for success on a request for compassionate release, the Court must deny his motion. Nonetheless, the Court also reviews the § 3553(a) factors and finds that this prong, too, requires a denial.

C. **Section 3553(a) Factors**

The § 3553(a) factors include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. These factors collectively weigh in favor of maintaining Alderson's current sentence. The distribution of heroin and cocaine is a serious crime. See United States v. Catchings, No. 12-20372, 2021 WL 3417912, at *4 (E.D. Mich. Aug. 5, 2021) (denying motion for compassionate release, stating: "The circulation of addictive drugs such as cocaine presents a grave danger to the community's health and wellbeing."). The Government

submits that Alderson has been engaging in similar crimes since at least the age of 19, when he was arrested while possessing crack cocaine and was convicted for conspiring to distribute illegal substances. Resp. at 7 (citing PSR ¶ 41). The Court commends Alderson on his purported compliance with the terms of bond, efforts at rehabilitation, and commitment to his family. See Br. in Supp. Mot. at 15–19; Reply at 5–7. However, these considerations do not outweigh the reasons to maintain the sentence initially imposed for his serious offenses.

### III.  CONCLUSION

For the reasons stated above, Alderson's motion for compassionate release (Dkt. 227) is denied.

SO ORDERED.

Dated: August 17, 2023  s/Mark A. Goldsmith
　　　 Detroit, Michigan  MARK A. GOLDSMITH
　　　　　　　　　　　　 United States District Judge